**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3703-24

KATIE FREIERMUTH,

    Plaintiff-Appellant,

v.

GET AIR MAYS LANDING,
LLC AND/OR GET AIR
TRAMPOLINE PARK,

    Defendant-Respondent.

_____

        Submitted March 17, 2026 – Decided August 5, 2026

        Before Judges Chase and Augostini.

        On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2530-22.

        Flynn & Associates, PC, attorneys for appellant (Alfred J. Falcione, on the briefs).

        Traub Lieberman Straus & Shrewsberry LLP, attorneys for respondents (Laura M. Faustino, of counsel and on the brief).

PER CURIAM

In this premises liability case, plaintiff Katie Freiermuth appeals from a June 19, 2025 order granting summary judgment in favor of defendant Get Air Mays Landing, LLC and/or Get Air Trampoline Park (Get Air) and dismissing plaintiff's complaint with prejudice. Based on a de novo review of the motion record, we affirm.

I.

We summarize the undisputed facts from the motion record. On October 12, 2020, plaintiff and her children went to the Get Air trampoline park. Before engaging in the park's activities, plaintiff signed a liability waiver.

While in the park, plaintiff walked to the restroom and passed two yellow wet floor signs. Just past the warning signs, a park employee was actively mopping the floor. Plaintiff took several steps and slipped on water and "fell right down." Plaintiff did not know the source of the water. The accident was captured on defendant's video surveillance system.

Plaintiff alleges that she sustained lumbar and left knee injuries as a result of the fall. The record demonstrates that, over the past decades, plaintiff has suffered various injuries, some resulting in repeated "radiating lumbar pain."

On September 15, 2022, plaintiff filed a complaint against Get Air for negligence. After discovery ended, Get Air moved for summary judgment. On

A-3703-24

June 19, 2025, oral argument was held on Get Air's motion. Immediately thereafter, the judge rendered a decision, granting summary judgment and dismissing plaintiff's complaint with prejudice.

After viewing the video which captured the incident and considering the parties' submissions, the judge found plaintiff was a business invitee, and as such, Get Air owed a "duty of reasonable care to guard against any dangerous conditions on its property that it either knew about or should have discovered." The judge also found that plaintiff signed a liability waiver upon entering the trampoline park. She identified three reasons for granting summary judgment: (1) plaintiff failed to articulate any industry standard for which Get Air was responsible and breached; (2) Get Air did not create a dangerous condition or fail to exercise reasonable care to guard against any dangerous condition in the manner it maintained the premises; and (3) plaintiff executed a waiver and release of liability during use of the facility.

On appeal, plaintiff raises three arguments for our consideration, claiming the judge erred in holding: (1) that expert testimony was required for "indoor park trampoline maintenance;" (2) as a matter of law, Get Air's conduct was "reasonable and did not create a dangerous condition;" and (3) that the liability waiver applied to the facts of this case.

3

## II.

We review the judge's grant of a motion for summary judgment de novo. DeSimone v. Springpoint Senior Living Inc., 256 N.J. 172, 180 (2024) (citing Samolyk v. Berthe, 251 N.J. 73, 78 (2022)). Under this standard, the court must "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (first quoting R. 4:46-2(c) then citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). Giving the non-moving party "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence," Gormley v. Wood-El, 218 N.J. 72, 86 (2014) (citing Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012)), "[s]ummary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Applying these principles in this case, we agree that summary judgment was properly granted.

A-3703-24

"The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." Coleman v. Martinez, 247 N.J. 319, 337 (2021) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)). "Whether a duty exists is solely a question of law to be decided by a court and not by submission to a jury." Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997) (citing Wang v. Allstate Ins. Co., 125 N.J. 2, 15 (1991)).

Plaintiff must "establish the existence of negligence 'by some competent proof,' because '[n]egligence is a fact which must be shown and which will not be presumed.' 'The mere showing of an incident . . . is not alone sufficient to authorize the finding of an incident of negligence.'" Franco v. Fairleigh Dickinson Univ., 467 N.J. Super. 8, 25 (App. Div. 2021) (alteration and omission in original) (internal citations omitted) (first quoting Townsend v. Pierre, 221 N.J. 36, 51 (2015) then quoting Long v. Landy, 35 N.J. 44, 54 (1961)).

"Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (first citing Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993) then citing

Restatement (Second) of Torts § 343 (A.L.I. 1965)). "The duty of due care requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Ibid. (citing O'Shea v. K. Mart Corp., 304 N.J. Super. 489, 492-93 (App. Div. 1997)).

In the present case, the judge focused on the liability issue and whether plaintiff had established the duty of care consistent with industry standards and a breach of that duty. We first address plaintiff's contention that the judge erred by finding that expert testimony was required to show the industry standard of care for maintenance of an indoor trampoline park. Plaintiff argues that expert testimony was not required under these circumstances but rather, it is within the average juror's ability to determine whether Get Air breached a duty of care when it mopped the floor on the property in the "direct path to the ladies bathroom" during business hours while the facility was open to the public.

We begin our analysis by acknowledging that "[t]he proprietor of premises to which the public is invited for business purposes of the proprietor owes a duty of reasonable care to those who enter the premises upon that invitation to provide a reasonably safe place to do that which is within the scope of the invitation." Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App.

Div. 2013) (alteration in original) (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 275 (1982)). The undisputed facts establish that during business hours, in an open and obvious manner, Get Air's employee was mopping the floor in an area marked by two yellow folding wet floor signs. We agree with the judge that it would be beyond the ken of the average juror to know whether the industry standards for the trampoline park provided cleaning and maintenance guidelines or standards during business hours.

"In some cases, however, the 'jury is not competent to supply the standard by which to measure [defendant's] conduct,' and the plaintiff must instead 'establish the requisite standard of care and [defendant's] deviation from that standard' by 'present[ing] reliable expert testimony on the subject.'" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 407 (2014) (alterations in original) (citations omitted); see N.J.R.E. 702. The record lacks competent proof, expert testimony, or factual evidence to show that Get Air failed to exercise due care by not posting additional warning signs or safeguards or mopping during business hours. Said differently, the record is devoid of evidence showing that Get Air violated industry standards by its actions or created a dangerous condition.

We agree with the judge that the average juror would be unable to determine whether Get Air's actions in mopping and posting warning signs were unreasonable and did not comport with industry standards. Thus, as the judge aptly noted, an expert would be necessary to assist the jury in determining whether Get Air's actions fell below what was expected and required to maintain the park's safe environment.

The second reason articulated by the judge in support of granting summary judgment was the lack of evidence to support the contention that Get Air's actions were unreasonable or created a dangerous condition. Plaintiff argues that the judge erred in concluding that Get Air did not create a dangerous condition by mopping and putting up two warning signs during the facility's hours of operation. This argument is belied by the record.

To state the obvious—Get Air's mopping procedure did not create a dangerous condition. As the judge correctly noted, "cleaning of an indoor trampoline facility, putting up two wet floor signs and wet mopping" to ensure the safety of the facility's patrons is reasonable and did not create a dangerous condition. Plaintiff acknowledged that she did not know the source of the water on the floor; whereas an eyewitness testified that there had been a spill on the floor that needed to be cleaned up. Regardless of the source of the water, Get

8

Air, as a business owner, was required to maintain the premises in a safe condition. Nisivoccia, 175 N.J. at 563 (citing Hopkins, 132 N.J. at 433). Even assuming arguendo that mopping created a dangerous condition, the warning signs were posted. Thus, Get Air satisfied its obligation to warn against such a potentially dangerous condition. Hopkins, 132 N.J. at 433-34. The record lacks any competent evidence suggesting that the warning signs were insufficient. See Seeley v. Cincinnati Shaper Co., Ltd., 256 N.J. Super. 1, 20 (App. Div. 1992) (generally, the issue of an adequate warning is a jury question, but there must be a basis in the record for this determination).

Moreover, the area being mopped was "open and obvious" to patrons. There was nothing inherently hidden about the potential risks of walking on a freshly mopped floor. Plaintiff admitted that she walked past two wet floor signs on her way to the restroom, and an employee was actively mopping the floor. Therefore, as the judge found, plaintiff was on notice of any purported dangerous condition and walked into the area nonetheless. Under these circumstances, summary judgment was appropriate because the record fails to demonstrate any breach of a duty to warn.

The third reason the judge granted summary judgment was based on the liability waiver plaintiff signed. The judge found that by signing the waiver,

plaintiff agreed to waive any causes of action "that arise[] out of or relate in any way to participant's use of the facility," and "use of the facility includes being present at the trampoline park." Plaintiff argues that the judge erred in finding that the liability waiver prevents her from bringing any cause of action relating to the use of the trampoline park because the waiver's "covenant not to sue" applies only if she was engaged in the park's activities. Plaintiff contends that the "use of facility" provision does not cover walking to the restroom.

Because we are satisfied, based on our de novo review, that the judge correctly granted summary judgment—since the record does not demonstrate a duty of care based on industry standards and a breach of that duty—we need not reach the issue of whether the judge erred in finding that the liability waiver was applicable under these facts.

To the extent we have not addressed any of the parties' other arguments, it is because they do not merit discussion in a written opinion or need not be reached based on our primary reasoning for affirming the judge's decision. R. 2:11-3 (e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3703-24